**GARDEN CITY BOXING CLUB, INC.,** as Broadcast Licensee of the September 18, 2004 DeLaHoya/Hopkins Program, Plaintiff–Appellee,

v.

**Luis POLANCO, Individually and as officer, director, shareholder and/or principal of Luischia Restaurant Corp. d/b/a Luischia Restaurant and Luischia Restaurant Corp., d/b/a Luischia Restaurant, Defendants–Appellants.**

**No. 06–1088–cv.**

United States Court of Appeals, Second Circuit.

---

April 5, 2007.

Teresita Rodriguez, Law Office of Heriberto J. Rodriguez, P.C., Bronx, NY, for Defendants–Appellants.

Nicholas Cartagena, Lonstein Law Office, PC, Ellenville, NY, for Plaintiff–Appellee.

PRESENT: Hon. WILFRED FEINBERG, Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Luis Polanco appeals from the February 7, 2006 judgment in favor of Garden City Boxing Club, Inc. and against the defendants-appellants, joinly and severally, for violating 47 U.S.C. §§ 553 and 605(a), for the illegal reception of a pay-per-view broadcast for their own benefit and the benefit of others. We assume the parties' familiarity with the facts of this case, its relevant procedural history, and the issues on appeal.

Reviewing a district court judge's finding of fact under a clearly erroneous standard, *New Windsor Volunteer Ambulance Corps. Inc. v. Meyers*, 442 F.3d 101, 112 (2d Cir.2006), with due regard given to the opportunity of the trial court to judge the credibility of witnesses, Fed.R.Civ.P. 52, this Court finds no merit to Polanco's argument that the court erred in disregarding the appellant's witnesses and relying on the testimony of the appellee's witnesses in finding that the pay-per-view event had been received illegally and shown in the appellant's restaurant. The district court's finding that the event was shown in the appellant's restaurant was based on the investigator's testimony, supported by his affidavit which was corroborated by a video-taped recording of the pay-per-view program. In addition, the court's finding that the event could only have been received by illegal means was supported by the testimony of the event promoter that the appellants had not subscribed to the event, and the only means of showing the event would have been by deception. See *Time Warner Cable of*

*N.Y. City v. Googies Luncheonette, Inc.,* 77 F.Supp.2d 485, 490 (S.D.N.Y.1999) (noting that "[s]ignals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems").

In addition, the district court, relying on this Court's finding in *Int'l Cablevision, Inc. v. Sykes,* 75 F.3d 123 (2d Cir.1996), that 47 U.S.C. §§ 605 and 553 overlap and are both applicable when a satellite communication is subsequently transmitted by cable, *id.* at 132, did not err in awarding damages under § 605. Even if the illegally received transmission was not received over a cable system, but was transmitted to the restaurant entirely by satellite, damages were still appropriately awarded under § 605(e). *See Int'l Cablevision, Inc. v. Sykes,* 997 F.2d 998, 1009 (2d Cir.1993) ("If [Section 605] was violated and [the plaintiff] was aggrieved thereby, the court should grant [the plaintiff's] request for damages under § 605(e) instead of granting the lesser damages available under § 553.").

Accordingly, the district court's judgment is AFFIRMED.